UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUTHER PETERSON, | No. C 11-2375 SI (pr) |
|     Petitioner, | **ORDER TO SHOW CAUSE** |
|     v. | |
| GARY SWARTHOUT, warden, | |
|     Respondent. | |

## INTRODUCTION

Luther Peterson, an inmate at the California State Prison - Solano, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

The petition and attachments provide the following information: Peterson was convicted in San Francisco County Superior Court of continuous sexual abuse of a child, oral copulation, and aggravated sexual assault for his sex abuse of several young children. He was sentenced to 29 years to life in prison. Peterson appealed. His conviction was affirmed by the California Court of Appeal, with a remand for resentencing. His petition for review in the California Supreme Court was denied. He also may have filed one or more unsuccessful habeas petitions in state court. He then filed this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges the following claims: (1) Peterson received ineffective assistance of counsel when trial counsel "allow[ed] appellant to be sentence to the three strikes law on counts 5 and 8," Petition, p. 6; (2) his right to due process was violated because his sentence was doubled for a prior conviction that did not occur before the current crimes; (3) the jury instructions deprived him of his due process right to a unanimous jury because they did not require unanimity on every element of the crime(s); (4) the supplemental jury instruction on the elements of California Penal Code § 269 denied him due process; (5) he was "denied substantial rights protected by the Sixth and Fourteenth Amendment to the U.S. Constitution" when two defense witnesses were pressured by the children's mother not to cooperate and did not testify, Petition, p. 11. Liberally construed, these claims[1] are not patently frivolous and warrant a response.

Claims 3-5 alleged state law errors as well as federal constitutional errors. The state law claims are dismissed because the writ of habeas corpus is available under 28 U.S.C. § 2254(a) "only on the basis of some transgression of federal law binding on the state courts."

---

[1] "Ground one" in the petition filed by Peterson consists of the claims identified as (1) and (2) in the text of this order. Although they are related factually, they arise under separate constitutional provisions so the court has identified them as separate claims to be sure that both are addressed by respondent.

*Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing *Engle v. Isaac*, 456 U.S. 107, 119 (1982)).  It is unavailable for violations of state law or for alleged error in the interpretation or application of state law, such as is alleged in the petition.  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Engle*, 456 U.S. at 119.

## CONCLUSION

For the foregoing reasons,

1. The petition states cognizable claims for habeas relief and warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California.  The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **March 2, 2012**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **April 6, 2012**.

5. Petitioner is responsible for prosecuting this case.  Petitioner must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.

6. Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

7. Petitioner's *in forma pauperis* application is GRANTED.  (Docket # 7.)

IT IS SO ORDERED.

DATED: December 23, 2011

_____
SUSAN ILLSTON
United States District Judge