UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUTHER PETERSON, JR., | No. C 11-2375 SI (pr) |
| Petitioner, | **ORDER FOR PETITIONER TO MAKE ELECTION REGARDING UNEXHAUSTED CLAIM** |
| v. | |
| GARY SWARTHOUT, warden, | |
| Respondent. | |

## INTRODUCTION

Luther Peterson, Jr., filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the petition should not be granted on five claims. Respondent has moved to dismiss on the ground that state court remedies had not been exhausted for three of the claims. Petitioner has not opposed the motion. For the reasons discussed below, the court finds that state court remedies were not exhausted for three of the claims and requires petitioner to choose how to deal with this problem.

## BACKGROUND

The petition challenges Peterson's conviction in San Francisco County Superior Court for continuous sexual abuse of a child, oral copulation, and aggravated sexual assault for his sex abuse of several young children. He appealed. His conviction was affirmed by the California Court of Appeal, with a remand for resentencing. His petition for review in the California Supreme Court was denied. Neither party has presented any evidence that he petitioned for a writ of habeas corpus in the California Supreme Court.

**DISCUSSION**

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c).

The petition alleged the following claims, which the court determined warranted a response: (1) Peterson received ineffective assistance of counsel when trial counsel "allow[ed] appellant to be sentence to the three strikes law on counts 5 and 8," Petition, p. 6; (2) his right to due process was violated because his sentence was doubled for a prior conviction that did not occur before the current crimes; (3) the jury instructions deprived him of his due process right to a unanimous jury because they did not require unanimity on every element of the crime(s); (4) the supplemental jury instruction on the elements of California Penal Code § 269 denied him due process; (5) he was "denied substantial rights protected by the Sixth and Fourteenth Amendment to the U.S. Constitution" when two defense witnesses were pressured by the children's mother not to cooperate and did not testify, Petition, p. 11.

Respondent contends that claims 1, 2, and 5 are unexhausted. The court has compared the petition for review filed in the California Supreme Court with the federal habeas petition to determine whether all the claims in the latter were included in the former. They were not. Peterson presented to the California Supreme Court his claims 3 and 4. Those claims are exhausted. Peterson did not present to the California Supreme Court his claims 1, 2, and 5, meaning that those claims are unexhausted.

Peterson's federal petition contains both exhausted and unexhausted claims and therefore is a "mixed" petition. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). The court cannot adjudicate the merits of a habeas petition containing any claim as to which state remedies have not been exhausted, such as a mixed petition. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *cf.* 28 U.S.C. § 2254(b)(2) (petition may be denied (but not granted) notwithstanding failure to

exhaust).

Due to a critical one-year statute of limitations on the filing of federal habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), *see* 28 U.S.C. § 2244(d), the court is reluctant to dismiss the mixed petition (and possibly cause a later-filed petition to be time-barred) without giving Peterson the opportunity to elect whether to proceed with just his exhausted claims, or to try to exhaust the unexhausted claims before having this court consider all his claims. Accordingly, instead of an outright dismissal of the action, the court will allow Peterson to choose whether he wants to –

>    (1) dismiss the unexhausted claims and go forward in this action with only the exhausted claims, or

>    (2) dismiss this action and return to state court to exhaust all claims before filing a new federal petition presenting all of his claims, or

>    (3) file a motion for a stay of these proceedings while he exhausts his unexhausted claims in the California Supreme Court.

Peterson is cautioned that the options have risks which he should take into account in deciding which option to choose. If he chooses option (1) and goes forward with only his exhausted claims, he may face dismissal of any later-filed petition. *See* 28 U.S.C. § 2244(b). If he chooses option (2), dismissing this action and returning to state court to exhaust all claims before filing a new federal petition, his new federal petition might be rejected as time-barred. *See* 28 U.S.C. § 2244(d). If he chooses option (3), he must file a motion in this court to obtain a stay and (if the motion is granted) then must act diligently to file in the California Supreme Court, to obtain a decision from the California Supreme Court on his unexhausted claims, and to return to this court. And under option (3), this action stalls: this court will do nothing further to resolve the case while petitioner is diligently seeking relief in state court.

In *Rhines*, the U.S. Supreme Court discussed the stay-and-abeyance procedure for mixed

habeas petitions.[1] The Court cautioned district courts against being too liberal in allowing a stay because a stay works against several of the purposes of the AEDPA in that it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceeding" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Rhines*, 544 U.S. at 277. A stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. *Id.* at 277-78. Any stay must be limited in time to avoid indefinite delay. *Id.* Reasonable time limits would be 30 days to get to state court, as long as necessary in state court, and 30 days to get back to federal court after the final rejection of the claims by the state court. *See id.* at 278; *Kelly v. Small*, 315 F.3d at 1071. If Peterson moves for a stay, he must show that he satisfies the *Rhines* criteria.

## CONCLUSION

Respondent's motion to dismiss is GRANTED. (Docket # 13.)

Petitioner must file no later than **June 29, 2012**, a notice in which he states whether he elects to (1) dismiss the unexhausted claims and go forward in this action with only the remaining claims, or (2) dismiss this action and return to state court to exhaust all of his claims

---

[1]There is an alternate stay procedure for a petitioner who has some unexhausted claims he wants to present in his federal habeas action, but it often is unhelpful because statute of limitations problems may exist for claims that are not sufficiently related to the claims in the original petition. Under the procedure outlined in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." *King v. Ryan*, 564 F.3d 1133, 1134 (9th Cir. 2009) (citing Kelly, 315 F.3d at 1070-71). A petitioner seeking to avail himself of the *Kelly* three-step procedure is not required to show good cause as under *Rhines*, but rather must show that the amendment of any newly exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts" and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with the statute of limitations. *King*, 564 F.3d at 1141-43.

before returning to federal court to present all of his claims in a new petition, or (3) moves for a stay of these proceedings while he exhausts his state court remedies for the unexhausted claims. If he chooses Option (1) or Option (2), his filing need not be a long document; it is sufficient if he files a one-page document entitled "Election By Petitioner" and states simply: "Petitioner elects to proceed under option ___ provided in the court's Order On Initial Review." Petitioner would have to insert a number in place of the blank space to indicate which of the first two options he chooses. If he chooses Option (3), no later than **June 29, 2012**, petitioner must file a motion for a stay in which he explains why he failed to exhaust his unexhausted claims in state court before presenting them to this court, that his claims are not meritless, and that he is not intentionally delaying resolution of his constitutional claims. If he wants to file a motion under *King/Kelly* to amend his petition (to delete the unexhausted claims) and to stay this action while he exhausts state court remedies for the unexhausted claims, he may do so no later than **June 29, 2012**. If petitioner does not choose one of the three options or file a motion by the deadline, the court will dismiss the unexhausted claims.

    IT IS SO ORDERED.

DATED: May 19, 2012

                                               SUSAN ILLSTON
                                       United States District Judge