**United States District Court**
**For the Northern District of California**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUTHER PETERSON, JR., | No. C 11-2375 SI (pr) |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| GARY SWARTHOUT, warden, | |
| Respondent. | |

## INTRODUCTION

Luther Peterson, Jr., filed this *pro se* action seeking a writ of habeas corpus under 28 U.S.C. § 2254. The matter is now before the court for consideration of the merits of the habeas petition. For the reasons discussed below, the petition will be denied.

## BACKGROUND

Peterson was tried in San Francisco County Superior Court in 2006 on charges of sex offenses against minors. The California Court of Appeal described the evidence that led to the conviction:

> The four victims who testified were Shany., S.P., and A.P., defendant's daughters, and L., the little sister of the mother of Shany. and S.P. Shany. and S.P. each testified that when she was between the ages of 6 and 10 years, defendant, on several different occasions, blindfolded her and, under the pretense of checking her teeth, inserted his penis in her mouth. L. testified that when she was between the ages of 9 and 11, defendant on several occasions entered her bedroom, placed his penis in her mouth, and moved it around until he ejaculated. A.P. testified that when she was in the fifth and sixth grades, defendant took her to a secluded place on several occasions, placed her hand around his penis, and moved it up and down.

Cal. Ct. App. Opinion, p. 2.

Peterson was convicted of continuous sexual abuse of a child under age 14, oral copulation of a child under age 14, and aggravated sexual assault of a child (*see* Cal Penal Code §§ 288.5, 288(c)(1), 269). Peterson appealed. His conviction was affirmed by the California Court of Appeal, with a remand for resentencing. His petition for review in the California Supreme Court was denied.

Peterson then filed this action. The court issued an order to show cause why the petition should not be granted. Respondent moved to dismiss Peterson's unexhausted claims and this court granted the motion. Peterson elected to dismiss his unexhausted claims, and proceed with the two exhausted claims: (1) a claim that a jury instruction violated Peterson's right to due process because it did not require unanimity on every element of the crime of continuous sexual abuse of a child, and (2) a claim that the supplemental jury instruction on the elements of California Penal Code § 269 violated his right to due process. Respondent filed an answer to the two exhausted claims of the petition. Peterson did not file a traverse.

## JURISDICTION AND VENUE

This court has subject matter jurisdiction over the petition for writ of habeas corpus under 28 U.S.C. § 2254. 28 U.S.C. § 1331. This action is in the proper venue because the challenged conviction occurred in San Francisco County, within this judicial district. 28 U.S.C. §§ 84, 2241(d).

## EXHAUSTION

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. 28 U.S.C. § 2254(b), (c). State judicial remedies have been

exhausted for the two claims remaining for adjudication.

## STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412-13 (2000).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id*. at 409.

**DISCUSSION**

A.   Jury Unanimity On § 288.5 Offense[1]

    1.   State Court Proceedings

California Penal Code section 288.5 defines the crime of continuous sexual abuse of a child:

> (a) Any person who either resides in the same home with the minor child or has recurring access to the child, who over a period of time, not less than three months in duration, engages in three or more acts of substantial sexual conduct with a child under the age of 14 years at the time of the commission of the offense . . . or three or more acts of lewd or lascivious conduct, as defined in Section 288, with a child under the age of 14 years at the time of the commission of the offense is guilty of the offense of continuous sexual abuse of a child and shall be punished by imprisonment in the state prison for a term of 6, 12, or 16 years.
>
> (b) To convict under this section the trier of fact, if a jury, need unanimously agree only that the requisite number of acts occurred not on which acts constitute the requisite number.

Cal. Penal Code § 288.5. Consistent with the statute, the court instructed the jury: "You cannot convict the Defendant unless all of you agree that he committed three or more acts over a period of at least three months. But, you do not all need to agree on which three acts were committed." RT 507.

Peterson contended in the California Court of Appeal, as he does here, that his conviction under California Penal Code section 288.5 violated his right to due process because the jury was not required to unanimously agree as to which particular acts he engaged in. Specifically, although the jury had to find that he committed at least three sex offenses against the minor, the jurors did not have to agree as to which three acts he had engaged in.

The California Court of Appeal rejected Peterson's unanimity challenge. The state appellate court explained that several California courts had confronted and rejected similar constitutional challenges to § 288.5.

> These cases found the statute constitutional on the basis of the "continuous course of conduct" exception to the requirement of jury unanimity, which holds that a jury need not

---

[1] Peterson's petition suggests, in part, that this was a jury instruction error claim, but the claim is properly viewed as a challenge to the statute rather than the instructions, because the instructions did not misstate the statute's unanimity requirement.

4

> agree on specific instances of criminal conduct to convict a defendant of a crime that is defined as a series of repeated instances of criminal conduct. The exception was well-established with respect to other crimes that featured a pattern of repeated, similar events, particularly child abuse. Extending it to the crime of resident child molestation presented no unique issues. (*See People v. Whitham* (1995) 38 Cal. App. 4th 1282, 1296-1297; *People v. Gear* (1993) 19 Cal. App. 4th 86, 92; *People v. Avina* (1993) 14 Cal. App. 4th 1303, 1309-1311; *People v. Higgins*, *supra*, 9 Cal. App. 4th at pp. 301-302.)
>
> Defendant argues, in effect, that the continuous course of conduct exception is itself unconstitutional because the due process clause requires the jury to agree unanimously on every factual element of a crime. He relies primarily on three decisions, *Apprendi v. New Jersey* (2000) 530 U.S. 466, *Richardson v. United States* (1999) 526 U.S. 813 (*Richardson*), and [*People v. Jones* (1990)] 51 Cal.3d 294. *Jones*, which held that a defendant's conviction of multiple counts of child molestation on the basis of generic evidence is not unconstitutional (*id*. at pp. 320-321), had been decided by the time the decisions upholding section 288.5 were rendered. Most of these decisions discussed *Jones*, and they agreed that it did not require a finding that section 288.5 was unconstitutional. (E.g., *People v. Gear*, *supra*, 19 Cal. App. 4th at pp. 93-94; *People v. Higgins*, *supra*, 9 Cal.App.4th at p. 301.) Indeed, *Higgins* concluded that *Jones* "is relevant, if not dispositive, to our analysis of the constitutionality of section 288.5. For if the Supreme Court is satisfied there is no constitutional infirmity to section 288 convictions predicated exclusively on generic testimony, then neither does the codification of generic proof in section 288.5 violate due process or the right to a unanimous verdict." (*Ibid*.) We find nothing in defendant's arguments that undermines this conclusion. . . . *Apprendi*, which addresses the requirement that a jury find the facts on which a sentence enhancement is predicated, is irrelevant to this issue.

*People v. Peterson*, Cal. Ct. App. Opinion, pp. 8-9. The state appellate court also discussed the *Richardson* case and concluded that its holding did not help Peterson because *Richardson* was decided as a matter of federal statutory interpretation rather than federal constitutional law. *Id*. at 9-10. The state appellate court further addressed a potential constitutional concern mentioned in *Richardson*.

> *Richardson* recognized the presence of a potential constitutional issue, noting, "this Court has indicated that the Constitution itself limits a State's power to define crimes in ways that would permit juries to convict while disagreeing about means, at least where that definition risks serious unfairness and lacks support in history or tradition." (*Richardson*, *supra*, 526 U.S. at p. 820.) The court left unresolved, however, whether individual violations constituting a "continuing course of conduct" are an "element," requiring unanimity, or "means," which do not. Several decisions outside California have concluded that *Richardson* did not undermine the constitutionality of continuing course of conduct crimes that do not require jury unanimity for constituent violations. (*See,* e.g., *Jefferson v. State* (2006) 189 S.W.3d 305; *State v. Ramsey* (2005) 124 P.3d 756 [upholding a statute indistinguishable from section 288.5]; *State v. Sleeper* (2004) 846 A.2d 545; *State v. Kelbel* (2002) 648 N.W.2d 690; *State v. Johnson* (2001) 627 N.W.2d 455; *Isabelle v. Mansfield* (2008) 568 F.Supp.2d 85, 101.) Further, section 288.5 does not "risk[ ] serious unfairness [or] lack [ ] support in history or tradition." (*Richardson*, at p. 820.) As discussed in the decisions upholding the statute, section 288.5 was enacted to balance the practical problems commonly associated with testimony in resident child

>molestation cases, the need to punish appropriately such conduct, and the defendant's constitutional rights. The consensus is that the statute constitutes "a well designed accommodation of [those] competing interests" ( *People v. Higgins*, *supra*, 9 Cal. App. 4th at p. 304) and a "rational, fair reconciliation of these conflicting considerations." (*People v. Avina*, *supra*, 14 Cal. App. 4th at p. 1312.) Because the victim's testimony necessarily will describe the pattern of molestation required by the statute, and because the jury is required to agree unanimously on the credibility of that testimony, there is little risk that a defendant will be convicted despite a lack of unanimity about particular incidents. In short, *Richardson* does not undermine the rationale of the various decisions that have upheld the constitutionality of section 288.5.

*Id.* at 10-11.

### 2. Analysis of Federal Constitutional Claim

Peterson had no right to a unanimity instruction as a matter of federal constitutional law. Criminal defendants in state court have no federal constitutional right to a unanimous jury verdict. *See Schad v. Arizona*, 501 U.S. 624, 631-32 (1991) (rule that jurors not required to agree upon single means of commission of crime applies equally to contention they must agree on one of alternative means of satisfying mental state element of crime); *Apodaca v. Oregon*, 406 U.S. 404, 410-12 (1972) (rejecting 6th Amendment right to jury trial challenge to 10-2 state jury verdict); *Johnson v. Louisiana*, 406 U.S. 356, 359-63 (1972) (rejecting due process challenge to 9-3 state jury verdict); *cf. McKoy v. North Carolina*, 494 U.S. 433, 449 (1990) (Blackman, J, concurring) ("different jurors may be persuaded by different pieces of evidence, even when they agree upon the bottom line . . . . [T]here is no general requirement that the jury reach agreement on the preliminary factual issues which underlie the verdict").  In the absence of any holding from the Supreme Court that a federal constitutional right to a unanimous verdict exists, the state appellate court's rejection of Peterson's claim cannot be said to be contrary to or an unreasonable application of any clearly established law from the U.S. Supreme Court. Peterson cannot overcome the hurdle of 28 U.S.C. § 2254(d).

The case of *Richardson v. United States*, 526 U.S. 813 (1999), does not help Peterson to overcome the obstacle of 28 U.S.C. § 2254(d) because that case was not a constitutional decision

and instead was a matter of federal statutory interpretation.[2] As the California Court of Appeal recognized, *Richardson* did observe that the U.S. Supreme Court had "indicated that the Constitution itself limits a State's power to define crimes in ways that would permit juries to convict while disagreeing about means, at least where that definition risks serious unfairness and lacks support in history or tradition." *Richardson*, 526 U.S. at 820. However, the quoted passage was not a holding or a recitation of an earlier holding: even the *Richardson* decision recognized that it was only an "indicat[ion]" that was subject to qualifications, and that had come from a plurality opinion. Because the principle was not "clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d) bars relief. When there is no Supreme Court precedent that controls on the legal issue raised by a petitioner in state court, the state court's decision cannot be contrary to, or an unreasonable application of, clearly-established federal law. *See Carey v. Musladin*, 549 U.S. 70, 77 (2006).

B.  Instructional Error Claim

1.  State Court Proceedings

The trial court gave CALCRIM No. 1123 on count 8, adapted to recite the elements of aggravated sexual assault of a child through forcible oral copulation under sections 269 and 288a, subdivision (c)(2). Consistent with the statutory language, the court instructed the jury, "To prove that a person is guilty of oral copulation by force, the People must prove, one, the defendant committed an act of oral copulation with someone else; two, the other person did not consent to the act; and three, the defendant accomplished the [act] by force, violence, duress, menace, or fear of immediate and unlawful bodily injury to anyone." After retiring, the jury sent a note to the court asking for "a legal definition of: force, violence, duress, menace, or fear of immediate and unlawful bodily injury to anyone." The court concluded it had inadvertently omitted the explanatory jury instruction and, after consultation with counsel and without objection, gave the definitions from CALCRIM No. 1015, reading:

> "An act is accomplished by force if a person uses enough physical force to overcome the [other] person's will.
>
> "Duress means a direct or implied threat of force, violence, danger, hardship, or retribution that causes a reasonable person to do or submit to something that he

---

[2]In *Richardson*, the Court held that, in a prosecution under 21 U.S.C. § 848 for engaging in a continuing criminal enterprise, the jury must unanimously agree not only that the defendant committed a "continuing series of violations," but also must unanimously agree as to which specific "violations" make up that "continuing series." 526 U.S. at 824.

7

> or she would not otherwise do or submit to. When deciding whether the act was accomplished by duress, consider all the circumstances, including the age of the other person and [the] relationship to the defendant.
>
> "Retribution is a form of payback or revenge.
>
> "Menace means a threat, statement, or act showing an intent to injure someone.
>
> "An act is accomplished by fear if the other person is actually and reasonably afraid or is actually but unreasonably afraid and the defendant knows of the fear and takes advantage of it."

Cal. Ct. App. Opinion, pp. 2-3.

<u>Fear instruction</u>: On appeal, Peterson contended that the trial court gave deficient supplemental instructions on the definitions of fear and force. He contended that the supplemental instruction on fear[3] misstated the law because it did not state that the "fear" had to be "fear of immediate and unlawful bodily injury."[4] He contended that the omission of the qualifying phrase "of immediate and unlawful bodily injury" would have allowed a conviction upon a finding that the girl had orally copulated him fearing something other than bodily injury, such as a fear of disappointing her parent or a fear of not getting an ice cream cone. *See* Docket # 1-1, p. 152 (Appellant's Opening Brief).

The California Court of Appeal rejected Peterson's argument and held that there was no instructional error because the supplemental instruction did not purport to be a comprehensive statement of the element of forcible oral copulation by "fear" but rather just defined only the first portion of the phrase, "accomplished . . . by . . . fear." *People v. Peterson*, Cal. Ct. App. Opinion, p. 5. "The supplemental instruction did not refer to, and was not required to refer to, bodily injury because the instruction did not purport to include that portion of the statutory element. Accordingly, the instruction did not incorrectly define the crime of forcible oral copulation." *Id.* The state appellate court also found no error in the trial court's decision not to

---

[3] The supplemental instruction gave this definition of fear: "An act is accomplished by fear if the other person is actually and reasonably afraid, or is actually but unreasonably afraid, and the Defendant knows of the fear and takes advantage of it." RT 603.

[4] California Penal Code § 288a(c)(2) provides for increased punishment for oral copulation "when the act is accomplished against the victim's will by means of force, violence, duress, menace, *or fear of immediate and unlawful bodily injury* on the victim or another person."

8

define the phrase "immediate and unlawful bodily injury on the victim or another person" because the phrase was not intended to be interpreted differently from its common meaning. *Id*. The state appellate court rejected as unfounded Peterson's suggestion that the jury would have concluded that the supplemental instruction was intended to delete the statutory requirement of fear of bodily injury merely by not mentioning it. "There can be no doubt the jury was aware of the remainder of the phrase, since it included that portion in the note requesting further instructions. Taken as a whole, therefore, the instructions provided by the court properly informed the jury that it was required to find fear of immediate bodily injury." *Id*.

<u>Force instruction</u>: Peterson argued on appeal that the supplemental instruction on "force" was erroneous under state law. He relied by analogy on *People v. Cicero*, 157 Cal. App. 3d 465, 474 (Cal. Ct. App. 1984), which held that, in a § 288 prosecution in which the lewd act itself constitutes the "minimum proscribed conduct," the "force" required for the aggravated offense described in § 288(b) must be "substantially different from or substantially greater than" the physical force normally inherent in the lewd act. The California Court of Appeal rejected Peterson's claim that the trial court had erred in defining force, noting that Peterson's claim had been rejected in other state appellate decisions, such as *People v. Guido*, 12 Cal. App. 4th 566 (Cal. Ct. App. 2005), with which it agreed. In essence, the state court of appeal, like *Guido*, considered the two statutes – § 288 (lewd conduct) and § 288a (oral copulation) – not to be parallel on the matter of force. The state court of appeal concluded that, "[f]ollowing *Guido*, the trial court committed no error in failing to instruct the jury that forcible oral copulation required force different from or greater than the force necessary for the act itself." Cal. Ct. App. Opinion, p. 7.

2. <u>Analysis of Federal Constitutional Claim</u>

When considering an allegedly erroneous jury instruction, a federal habeas court first considers whether there was "constitutional error" in the challenged instruction. *Calderon v. Coleman*, 525 U.S. 141, 146 (1998). To determine whether constitutional error occurred, a

9

habeas court asks: (1) whether there is a reasonable likelihood that the jury understood an assertedly ambiguous instruction to mean what the defendant suggests it means; and (2) if so, "whether the instruction, so understood, was unconstitutional as applied to the defendant." *Id.* at 147 (explaining test from *Boyde v. California*, 494 U.S. 370, 380 (1990)). The foregoing test is only to determine whether constitutional error has occurred; if constitutional error is found, the federal habeas court also must determine whether that error was harmless by looking at the actual impact of the error. *Coleman*, 525 U.S. at 146-147. The habeas court must apply the harmless-error test set forth in *Brecht v. Abrahamson*, 507 U.S. 619 (1993), and determine whether the error had a "substantial and injurious effect or influence in determining the jury's verdict." *Hedgpeth v. Pulido*, 555 U.S. 57, 58 (2008) (per curiam) (quoting *Brecht*, 507 U.S. at 623).

Fear instruction: The California Court of Appeal's rejection of Peterson's challenge to the supplemental jury instruction on fear was not an unreasonable application of, or contrary to, clearly established federal law. There is no reasonable likelihood that, upon hearing the supplemental jury instructions, the jury understood the fear element not to include the requirement that the fear be of immediate and unlawful bodily injury. A reasonable jury would have understood it could have found Peterson guilty on a fear theory only if it found that the victim orally copulated Peterson as a result of her fear of immediate and unlawful bodily injury to herself or another.

Even if the supplemental instruction's definition of fear was erroneous, any such error was harmless. The record contains evidence from which a jury could have reasonably inferred that Peterson accomplished the forcible oral copulation by putting the victim in fear of immediate bodily injury. The victim testified that she had once seen Peterson hitting her mother with his fist. RT 74. She jumped on his back to stop the beating before Peterson flung her off. *Id.* The victim further testified that, on another occasion, Peterson took her into a bedroom, took off his belt and spoke about "whooping" her. RT 84. He said, "'You either want me to whoop you, or you want me to check your teeth." *Id.* In fear of getting whooped by Peterson's belt, she

submitted to orally copulate Peterson. RT 84-85.

<u>Force instruction</u>: The state appellate court determined that the supplemental jury instruction on force was correct under state law. A state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Hicks v. Feiock*, 485 U.S. 624, 629 (1988) (even a determination of state law made by an intermediate appellate court must be followed). The California Court of Appeal's explanation and interpretation of state law about the force necessary to support a conviction under California Penal Code § 269 is binding on this court on federal habeas review. Peterson's claim that the instruction violated his right to due process is premised on an interpretation of state law that has been rejected by the state courts, and that interpretation is binding herein. His due process claim therefore fails. He is not entitled to federal habeas relief on this claim.

C.   <u>No Certificate of Appealability</u>

A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**CONCLUSION**

The petition for writ of habeas corpus is denied on the merits. The clerk will close the file.

IT IS SO ORDERED.

DATED: April 1, 2013

                                          SUSAN ILLSTON
                                          United States District Judge